diligent to disclose any facts which tended to support it. If it was paid, as alleged, such payment was not consistent with the other acts of the administrator, established by the evidence and found by the referee. For example, his charge for masses for the burial of his Catholic sister, when no mass was said and no priest employed; his charge for a monument, neither paid for nor erected; his claim for allowance of $125 on a voucher for that sum for a just debt for board, fraudulently obtained on the payment of only $25; his omission from his account of $250 cash, and the valuable jewelry and clothing of his sister, shown to have been received by him. Under such circumstances the application now made that the matter should be remitted to the referee to take proof as to the services of the attorney is addressed to my discretion and must be denied. The exceptions to the referee's report are overruled and the report is confirmed. The objectants will be awarded costs against the administrator, payable out of the share of the administrator, as an individual, in the estate. No costs or commissions will be allowed the administrator. Tax costs and settle decree on notice.

Referee's report confirmed.

———————

(50 Misc. Rep. 671.)

In re ROYCE'S WILL.

(Surrogate's Court, Kings County. May, 1906.)

TRUSTS—TESTAMENTARY TRUST—VALIDITY.

A will providing that the residue of the estate, both real and personal, should go to the executrix, in trust for the husband of the testatrix, constitutes a valid trust.

[Ed. Note.—For cases in point, see vol. 47, Cent. Dig. Trusts, §§ 34–37.]

In the matter of the probate of the will of Jennie A. Royce, deceased. Application by the special guardian for a construction of the will.

Thornton & Earle, for executrix.
Joseph M. Cogan, special guardian.

CHURCH, S. Application is made by the special guardian for a construction of the provision of the will in question. By the fourth provision of the will the residue of the estate, both real and personal, is given to the executrix, in trust for the husband of the testatrix, Henry A. Royce. As such provision relates to personalty, it is proper that I should construe the same. The said husband, Henry A. Royce, contends that the above provision is ineffectual as a trust, and therefore that he becomes the absolute beneficiary of the residuum of the estate. While the language is somewhat informal, yet there can be readily spelled out from the same the elements necessary to constitute a valid trust; and hence the executrix should hold the residuum of the estate as trustee for the benefit of the cestui que trust, Henry A.

Royce, during his lifetime. Upon his death, the corpus of the estate will then be distributed in accordance with the provisions of the statute.

Decreed accordingly.